An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOAQUIN ERNESTO HERNANDEZ-AYALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59657



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On appeal from the denial of his April 6, 2010, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04650

First, appellant argues that his trial counsel was ineffective for failing to cross-examine the victim to question whether the victim's aunt encouraged her to fabricate the allegations. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant's trial counsel stated on the record that he did not cross-examine the six-year-old victim because she discussed everything during direct examination that he would have questioned her about. This was a tactical decision and, as such, is "virtually unchallengeable absent extraordinary circumstances," Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989), which appellant did not demonstrate. Further, counsel questioned the victim's aunt regarding her dislike of appellant and argued that the aunt's dislike of appellant led the aunt to coerce the victim into fabricating her testimony. Appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel cross-examined the victim as appellant confessed to committing the sexual assault. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his trial counsel was ineffective for failing to investigate evidence to establish that the victim fabricated the allegations. Appellant fails to demonstrate that counsel's performance was deficient or that he was prejudiced. At trial, counsel questioned multiple witnesses regarding the aunt's motives for encouraging the victim and the victim's brother to fabricate allegations that appellant sexually abused them. The aunt admitted that she did not like appellant, but testified that she would not have coached the victim or her brother to falsely accuse appellant of a crime. Appellant fails to demonstrate what evidence further investigation would have revealed or how any possible evidence would have demonstrated that the aunt coached the victim. Therefore, appellant fails to demonstrate a reasonable probability of a

different outcome had counsel performed additional investigation into possible evidence that the victim fabricated the allegations. See Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Third, appellant argues that his trial counsel's performance violated appellant's equal protection rights for failing to make reasonable efforts to defend him. Appellant fails to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that trial counsel did not make reasonable efforts to defend appellant and appellant fails to identify any additional efforts that reasonable counsel would have performed. Given his confession, appellant fails to demonstrate a reasonable probability of a different outcome at trial had counsel undertaken additional efforts to defend appellant against the charges. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Next, appellant argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford, 105 Nev. at 853, 784 P.2d at 953.

(O) 1947A

First, appellant argues that his appellate counsel was ineffective for failing to argue there was insufficient evidence for the lewdness conviction as the victim testified that appellant did not touch her buttocks. Appellant fails to demonstrate that counsel's performance was deficient or that he was prejudiced. Following the six-year-old victim's testimony that appellant did not touch her buttocks and that she did not remember telling the police that he had touched her buttocks, the district court admitted her statement to police that appellant had touched her buttocks as a prior inconsistent statement. See NRS 51.035(2). As the statement was properly admitted as a prior inconsistent statement, it was properly considered as substantive evidence that appellant improperly touched the victim's buttocks. See Crowley v. State, 120 Nev. 30, 35, 83 P.3d 282, 286 (2004). Accordingly, there was sufficient evidence presented to support the lewdness conviction. Appellant fails to demonstrate a reasonable likelihood of success on appeal had appellate counsel argued that there was insufficient evidence of the lewdness conviction. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Second, appellant argues that his appellate counsel's performance violated appellant's equal protection rights for failing to make reasonable efforts to defend him. Appellant fails to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that appellate counsel did not make reasonable efforts on appellant's behalf on direct appeal and appellant fails to identify any additional efforts that reasonable counsel would have performed. Appellant fails to demonstrate a reasonable likelihood of a different outcome had counsel made an additional effort on direct appeal. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

SUPREME COURT
OF
NEVADA

(O) 1947A

Next, appellant argues that the district court erred in denying appellant's claims from his proper person petition without conducting an evidentiary hearing. Appellant lists the claims raised in the proper person petition, but fails to provide any cogent argument as to how or why the district court erred in denying these claims without conducting an evidentiary hearing. "It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court." Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Thus, we need not address these claims. Therefore, appellant fails to demonstrate that the district court erred in denying the claims raised in appellant's proper person petition without conducting an evidentiary hearing.

Having considered appellant's contentions and concluding that they are without merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Matthew D. Carling
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk